UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04370-SRM-SSC Date: August 21, 2026

Title Salgado Aguirre v. Adelanto ICE Processing Center, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) **Order Directing Parties to File Supplemental Briefing**

On August 3, 2026, *pro se* Petitioner Juan Antonio Salgado Aguirre filed a verified petition for writ of habeas corpus by person in federal custody pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner is a noncitizen in immigration detention in Adelanto, California (*id.* at 3), and he alleges that he has been detained since July 24, 2026 (*id.* at 4). According to the petition, he appears to have received "two legally and constitutionally deficient bond hearings"—within the four days between when he was detained and July 28, 2026, when the petition was signed and dated—but does not provide any other information, including the nature of the alleged deficiencies. (*Id.* at 8, 16.)

Respondents answered, providing that "Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to

*Rodriguez Vazquez v. Bostock*, -- F.4th --, 2026 WL 2196424 (9th Cir. July 30, 2026)[.]" (ECF 8 at 2.) However, Respondents also argue that Petitioner "has not yet exhausted their available administrative remedies, and their Petition is defective on that basis[,]" that he should "first pursue this administrative remedy in Immigration Court[,]" and that doing so would not be futile "because the Ninth Circuit's issuance of the *Rodriguez Vazquez v. Bostock* decision on July 30, 2026 has now resolved this legal issue within the Ninth Circuit, including in its Immigration Courts." (*Id.*) But Respondents do not address the allegation in the petition that Petitioner has received "two legally and constitutionally deficient bond hearings[,]" which implies that Petitioner has requested such an initial bond hearing.

Because it is not clear from the record whether Petitioner requested or received a bond hearing, and on what basis such hearings, if any, were legally and constitutionally deficient, the Court ORDERS Respondents to file supplemental briefing no later than **August 28, 2026**, (1) addressing whether Petitioner has requested or received a bond hearing since being detained on July 24, 2026, (2) providing any related Immigration Judge orders or dispositions pertaining to such hearings or hearing requests, as well as any hearing transcripts or audio recordings from such hearings, and (3) if Respondents continue to maintain the Petitioner has not exhausted his administrative remedies, explaining the manner in which the hearing must be requested, including by attaching blank copies of any forms to be used for such request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 5:26-cv-04370-SRM-SSC Date: August 21, 2026

Title Salgado Aguirre v. Adelanto ICE Processing Center, et al.

Petitioner must file a response to Respondents' supplemental briefing no later than **September 11, 2026**, and therein must address whether he has requested a bond hearing since July 30, 2026, when the Ninth Circuit issued *Rodriguez Vasquez*, and if not, why not.

**IT IS SO ORDERED.**

:

Initials of Preparer **ts**